THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BOBBY JOE CAPERS, Defendant-Appellant.

Fourth District   No. 4—88—0555

Opinion filed July 27, 1989.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Monroe D. McWard, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

The defendant, Bobby Joe Capers, appeals alleging the denial of his motion for a continuance to retain private counsel in the probation revocation proceeding was error. We affirm.

On November 21, 1986, the defendant was charged by information in Macon County with theft of property (over $300) (Ill. Rev. Stat. 1985, ch. 38, par. 16—1(a)(1)), forgery (Ill. Rev. Stat. 1985, ch. 38, par. 17—3(a)(2)), and obstructing justice (Ill. Rev. Stat. 1985, ch. 38, par. 31—4(a)). Pursuant to a plea agreement, the defendant pleaded guilty to the theft of property charge and the State dismissed the forgery charge and the obstructing justice charge. On March 6, 1987, the circuit court sentenced the defendant to an 18-month term of probation. On March 18, 1988, due to the arrest of the defendant for controlled substance offenses (Ill. Rev. Stat. 1987, ch. 56½, pars. 1401(b)(2), (c), 1402(b)), the State filed a petition for revocation of probation. On June 3, 1988, the circuit court found the State had proved its petition (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b)) by a preponderance of the evidence. On June 24, 1988, the circuit court sentenced the defendant to a five-year term of imprisonment.

The sole issue on appeal is whether the circuit court abused its discretion in denying the motion of the defendant for a continuance to retain private counsel in the probation revocation proceeding.

At the outset of the probation revocation proceeding on June 3, 1988, the appointed counsel for the defendant made an oral motion for a continuance. The stated purpose of the continuance was to allow the defendant to retain private counsel. After argument, the circuit court denied the motion of the defendant as dilatory. In support of its ruling, the circuit court offered the following three reasons: (1) the defendant had not expressed any earlier dissatisfaction with the legal representation of his appointed counsel; (2) the two previous continuances in the case (i.e., on March 31, 1988, and May 4, 1988) had accorded the defendant a reasonable period of time in which to have re-

tained private counsel; and (3) the private counsel mentioned by defendant had members of his firm present in the judge's courtroom during the course of the day and yet no one entered an appearance.

In a criminal action, the accused has a constitutional right to the assistance of legal counsel and the preparation of his defense. (U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8; Ill. Rev. Stat. 1987, ch. 38, par. 113—3.) The right to assistance of counsel includes the right to be represented by counsel of one's own choice. (*Powell v. Alabama* (1932), 287 U.S. 45, 77 L. Ed. 158, 53 S. Ct. 55; *People v. Green* (1969), 42 Ill. 2d 555, 248 N.E.2d 116.) The former right is absolute; the latter right is limited. (*People v. Spurlark* (1978), 67 Ill. App. 3d 186, 196, 384 N.E.2d 767, 774.) The right to counsel of one's own choice "may not be employed as a weapon to indefinitely thwart the administration of justice, or to otherwise embarrass the effective prosecution of crime." *People v. Solomon* (1962), 24 Ill. 2d 586, 590, 182 N.E.2d 736, 739.

The point at which the right to counsel of one's own choice may unreasonably interfere with the administration of justice necessarily depends on the particular circumstances of the case. (*Spurlark,* 67 Ill. App. 3d at 197, 384 N.E.2d at 774.) As a result, the granting or the denial of a motion for a continuance to retain private counsel rests with the discretion of the circuit court. (Ill. Rev. Stat. 1987, ch. 38, par. 114—4(e); see *People v. Friedman* (1980), 79 Ill. 2d 341, 347, 403 N.E.2d 229, 233.) Absent an abuse of discretion, the determination of the circuit court will not be altered on review. *Solomon,* 24 Ill. 2d at 589-90, 182 N.E.2d at 738.

In the present case, the predicate offenses for revocation of probation occurred in mid-March of 1988. At that time, the defendant was taken into custody. On March 22, 1988, the circuit court appointed counsel to represent the defendant at the scheduled probation revocation hearing. On March 31, 1988, the circuit court granted the prosecution a continuance to allow completion of the evidentiary analyses in the case. On May 4, 1988, the circuit court granted the defense a continuance on the same grounds. The evidentiary analyses were finally completed with delivery to the defense on June 2, 1988. On June 3, 1988, the date of the rescheduled probation revocation hearing, the defense moved for the instant continuance to retain private counsel. This interim period, from mid-March to early June, accorded the defendant sufficient time in which to have retained private counsel. Accordingly, we agree with the circuit court the motion of the defendant for a continuance to retain private counsel was dilatory.

Given the procedural chronology of the case, the circuit court

could properly grant a continuance to retain private counsel only if the defendant had offered adequate information in support of the motion. The trial court was not faced with a defendant who specifically identified retained private counsel as "[standing] ready, willing and able to make an [instant] unconditional entry of appearance" in the case. (*People v. Koss* (1977), 52 Ill. App. 3d 605, 607-08, 367 N.E.2d 1040, 1041.) Instead, at the probation revocation hearing, the defense only identified the desired private counsel as being "expected" to make an entry of appearance in the case. The circuit court did not err in denying the defendant a continuance to retain private counsel in the probation revocation proceeding.

Affirmed.

McCULLOUGH, P.J., and LUND, J., concur.