THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LAWRENCE LANGLEY, a/k/a Lance Langley, Defendant-Appellant.

Fourth District   No. 4—91—0495

Opinion filed February 28, 1992.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

A Champaign County jury convicted defendant Lawrence Langley of aggravated battery of a child. (Ill. Rev. Stat. 1989, ch. 38, par. 12—4.3(a).) After a sentencing hearing at which defendant appeared *pro se*, he was sentenced to 15 years' imprisonment. He appeals, arguing he was denied his sixth amendment right to discharge his privately retained counsel during trial. He also contends his waiver of counsel at the sentencing hearing violated the sixth amendment because the trial judge did not properly admonish him. The court was not bound to permit defendant to discharge his counsel during the trial. It was, however, bound to sufficiently admonish defendant before accepting his waiver of counsel at the sentencing hearing. We agree with defendant's contention the court failed to do so.

Defendant was charged by information with cruelty to children (Ill. Rev. Stat. 1989, ch. 23, par. 2368) and aggravated battery of a child (Ill. Rev. Stat. 1989, ch. 38, par. 12—4.3(a)). An 18-month-old daughter of the woman with whom defendant resided had been severely scalded over 40% of her body. The State alleged defendant was responsible for the burns. At defendant's arraignment in November 1990, he was informed of his right to counsel and to have counsel appointed. He was also given a copy of the information and informed of the charges lodged against him and the possible penalties. Defendant appeared in person and with an assistant public defender. Defendant was arraigned again in mid-December 1990, after a grand jury returned indictments for the original offenses and the additional offense of heinous battery (Ill. Rev. Stat. 1989, ch. 38, par. 12—4.1(a)). Defendant was provided a copy of the indictments. He was again informed of his right to counsel or court-appointed counsel, the nature of the charges against him and of the potential penalties he faced. Defendant and his public defender were present at this arraignment.

A privately retained attorney entered his appearance for defendant on January 8, 1991. Defendant argues he should have been permitted to discharge this attorney midway through his trial. The attorney represented defendant throughout the proceedings until a June 18, 1991, proceeding when the court learned defendant had discharged him. The attorney had filed numerous motions on behalf of defendant and participated in the jury trial held on April 15 through 17, 1991.

On April 17, the third day of the trial, before defense counsel began presenting defendant's case, defendant indicated to the court that he wanted to seek other counsel. Defendant explained he was not satisfied with how the trial was progressing. He stated he was led to believe "certain things were going to occur in the proceedings, and they haven't yet at all, not one way, credible witnesses, things of that nature, nothing." After further inquiry by the judge, defendant explained he thought doctors were going to testify. The judge explained defense counsel intended to call a doctor to testify on defendant's behalf.

The judge also indicated to defendant that defense counsel had not yet had an opportunity to present a case and call witnesses because the State was not finished presenting its case. The judge noted the trial was half over, and ruled substitute counsel could not be permitted based on defendant's reasons for this request.

At his sentencing hearing on June 3, 1991, defendant appeared with the counsel who had represented him throughout his trial. Upon

inquiry by the court, defense counsel stated he had no additions or corrections to make to defendant's presentence report. While testimony was in progress, defendant interrupted and informed the court he had filed a motion to continue the sentencing hearing and for a new trial. Defendant also explained he wanted time to obtain new counsel for his sentencing hearing. The court continued the sentencing hearing until July 5.

At a status hearing on June 18, 1991, defendant appeared *pro se* and the court learned defendant had discharged previously retained counsel. The court admonished defendant he could proceed to argue his motions as long as he understood the court could appoint counsel to represent him. Defendant responded he wanted to represent himself "until further notice." Defendant presented a motion which requested permission to go to the clerk's office to file motions. He explained that he and his father thought the records would make it easier for him to obtain new counsel. The judge explained to defendant the procedure for filing motions with the clerk's office. He also told defendant a hearing on his motions could take place before his sentencing hearing and he could represent himself at this hearing.

Defendant appeared in court on June 25, 1991, for a hearing on a motion filed by the State to revoke defendant's bond because he could not receive probation as a sentence due to the nature of his previous criminal record and the offense for which he had been convicted. Defendant, appearing *pro se*, did not object. Defendant asked the court to postpone his sentencing hearing for 30 days to enable him to obtain counsel. He explained his father was speaking with a few lawyers. The trial judge stated he would not change the July 5 sentencing date because he was unconvinced defendant was progressing toward obtaining counsel. The judge revoked defendant's bond and told defendant when he obtained new counsel, his counsel should contact the court and the State so they could discuss scheduling.

On July 2, 1991, defendant filed a letter with the clerk's office in which he stated as of July 1 he wanted to represent himself. On July 3 he filed a motion for a mistrial. In his motion, he alleged his constitutional rights were violated during his trial because the court denied his request during trial that his counsel be dismissed. He also contended the State failed to prove his guilt beyond a reasonable doubt because it produced no eyewitnesses to the alleged offense. In addition, defendant's motion contended he was prejudiced by inflammatory photos of the victim which were introduced into evidence. Defendant noted at the end of the motion that he was currently representing himself. Defendant also filed a letter in which he asked the

court to be lenient in its sentencing because he had learned from his present incarceration.

On July 5, he filed another motion for a mistrial and a motion to postpone sentencing. Defendant argued the same constitutional violation regarding trial counsel as had been alleged in his July 3 motion. He also alleged his defense was hindered when the court granted the State's motion *in limine* to prevent the introduction of the opinion of staff of the Department of Children and Family Services about the alleged offense. At the sentencing hearing July 5, the judge stated, "You have indicated to me you want to represent yourself, and you're permitted to do that, but I'm not going to continue this matter any further. So we're here today to hear your motions, first of all." Defendant responded "Okay." The judge also observed that although he continued this hearing from June 3 to July 5 to enable defendant to obtain counsel, defendant had not done so.

The judge initially heard defendant's motions and denied them. When asked by the trial judge, defendant had no corrections or additions to make to his presentence report. Defendant read a statement about his hope for leniency by the court in sentencing him because he had already learned from his incarceration and very much wanted to care for his wife and her child, the victim of defendant's alleged offenses. When the injury occurred to the child, defendant only lived with the child's mother. They had since married. The statement which defendant read was the same written statement he had filed July 3. Defendant neither called witnesses nor presented additional testimony in mitigation at this hearing. When asked by the prosecution whether he knowingly and intentionally burned the victim, defendant responded he did not commit the offense.

The prosecutor informed the court the sentencing range for defendant's offense was from 5 years to 15 years, and possibly 30 years if the extended term applied. The State recommended defendant be sentenced to not less than 15 years because of the brutality of his offense. The court imposed a 15-year term. Defendant filed a notice of appeal on July 5. On July 11, defendant filed a letter with a notice of appeal enclosed. In the letter, defendant stated the issues appealed from were similar to those raised in his post-trial motions before his sentencing hearing.

Defendant first argues he has a right to a new trial because the court violated his sixth amendment right to discharge his privately retained counsel during his trial. The State argues defendant had no absolute right to substitute counsel in the middle of his trial. It further contends because defendant provided no reasonable grounds to substi-

tute counsel, the trial court did not err by denying his request to seek new counsel.

▆ Defendant cites *Adams v. United States ex rel. McCann* (1942), 317 U.S. 269, 87 L. Ed. 268, 63 S. Ct. 236, and *Faretta v. California* (1975), 422 U.S. 806, 45 L. Ed. 2d 562, 95 S. Ct. 2525, as support for his argument he had an absolute right to discharge his privately retained counsel. These cases, however, are distinct from the argument which he now raises. In *Adams*, the Court recognized a defendant's right to self-representation. (*Adams*, 317 U.S. at 279, 87 L. Ed. at 274-75, 63 S. Ct. at 241-42.) In *Faretta*, the Court ruled defendant had a constitutional right to proceed without counsel when he voluntarily and intelligently chose to do so. (*Faretta*, 422 U.S. at 835, 45 L. Ed. 2d at 581, 95 S. Ct. at 2541.) Defendant did not inform the court he wished to proceed *pro se*. Rather, midway into his trial, he wanted to seek new counsel. The cases relied on by defendant do not address the issue raised in this case.

The State and Federal constitutions guarantee a criminal defendant the right to representation by counsel of his choice. (*People v. Green* (1969), 42 Ill. 2d 555, 557, 248 N.E.2d 116, 117; *People v. Terry* (1988), 177 Ill. App. 3d 185, 190, 532 N.E.2d 568, 572.) This right is not absolute. A defendant cannot assert this right in order to thwart the administration of justice or to otherwise impede the effective prosecution of crime. (*People v. Solomon* (1962), 24 Ill. 2d 586, 590, 182 N.E.2d 736, 739; *People v. Capers* (1989), 186 Ill. App. 3d 367, 369, 542 N.E.2d 528, 530.) We have ruled a defendant cannot assert this right if he does so even to temporarily thwart the administration of justice. *People v. Free* (1983), 112 Ill. App. 3d 449, 454, 445 N.E.2d 529, 532.

Whether defendant's right to select counsel unreasonably interferes with the administration of the judicial process depends on the facts and circumstances of each case. A trial court's denial of a defendant's request to substitute counsel will not be overturned absent an abuse of discretion. (*Capers*, 186 Ill. App. 3d at 369, 542 N.E.2d at 530; *Terry*, 177 Ill. App. 3d at 190, 532 N.E.2d at 572.) A court does not abuse its discretion in denying a defendant a continuance to obtain substitute counsel when he has not retained new counsel who is ready, willing, and able to make an unconditional entry of appearance on his behalf. *Free*, 112 Ill. App. 3d at 454, 445 N.E.2d at 532.

Defendant had not obtained substitute counsel and his request would have unnecessarily thwarted the judicial process. His trial proceeded for 1½ days before the request. The only reason defendant ar-

ticulated to the trial judge to explain why he wanted substitute counsel was that the trial was not proceeding as he had anticipated. Defense counsel had not yet begun to present defendant's case.

Defendant's counsel began representing defendant on January 8, 1991. He continued this representation for nearly four months without defendant expressing any discontent with his performance. Counsel filed several motions on behalf of defendant during his representation. He filed a motion for release on recognizance bond or reduction of bail, several motions for continuances, a motion *in limine*, a motion for mistrial, and a motion for directed verdict. Counsel represented defendant at these hearings, during jury selection, and throughout the first 1½ days of defendant's trial. There is no evidence counsel did not vigorously represent his client throughout the proceedings. On appeal, defendant does not note any deficiency in his attorney's representation. Defendant has not established he was prejudiced by defense counsel's continued representation of him throughout the trial. The court did not abuse its discretion in denying defendant's request for substitute counsel.

Defendant next argues before he was permitted to represent himself at his sentencing hearing, the court was obliged, pursuant to Supreme Court Rule 401(a) (134 Ill. 2d R. 401(a)), to inform him of the potential sentence he faced. Failure to do so, according to defendant, makes his waiver of counsel ineffective.

Supreme Court Rule 401(a) provides:

"(a) Waiver of counsel. Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and

(3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." 134 Ill. 2d R. 401(a).

The State initially argues defendant waived his right to raise this issue because he did not raise it in his post-trial motion. The State also contends the court substantially complied with Supreme Court Rule 401.

The State equates defendant's notice of appeal, which contained the four grounds for appeal, with a post-sentencing motion. Because defendant failed to raise this issue in this motion, the State argues it is waived. Defendant did not raise this issue in a post-trial motion. His failure to do so could constitute waiver. *People v. Johnson* (1987), 119 Ill. 2d 119, 131, 518 N.E.2d 100, 105; *People v. Berry* (1984), 99 Ill. 2d 499, 503, 460 N.E.2d 742, 744.

The right to counsel is so fundamental it should not be "lightly deemed waived." *(People v. Robertson* (1989), 181 Ill. App. 3d 760, 763, 537 N.E.2d 1036, 1039.) Errors affecting substantial rights may be addressed on review although the issues were not raised in the trial court. (134 Ill. 2d R. 615(a); *People v. Precup* (1978), 73 Ill. 2d 7, 16, 382 N.E.2d 227, 231; *People v. McClendon* (1990), 197 Ill. App. 3d 472, 479, 554 N.E.2d 791, 797.) During the sentencing stage, defendant's substantial rights are affected and the defendant has a constitutional right to counsel at that stage. *(People v. Baker* (1982), 92 Ill. 2d 85, 90, 440 N.E.2d 856, 858.) We will therefore evaluate whether the court properly admonished defendant pursuant to Rule 401(a).

The State correctly notes substantial compliance with Rule 401(a) is sufficient to effectuate a valid waiver of counsel if the record indicates waiver was made knowingly and intelligently. *(People v. Coleman* (1989), 129 Ill. 2d 321, 334, 544 N.E.2d 330, 336, *cert. denied* (1990), 497 U.S. 1032, 111 L. Ed. 2d 802, 110 S. Ct. 3294.) We first determine whether the trial court substantially complied with Rule 401(a). If the trial judge did not substantially comply with the rule, we need not determine whether defendant's waiver was made knowingly and intelligently. There can be no effective waiver of counsel without proper admonitions. *People v. Baker* (1983), 94 Ill. 2d 129, 137, 445 N.E.2d 769, 773.

Defendant argues the record supports his argument that no effective waiver occurred because the court failed to comply at all with the required admonishments. The State correctly notes a defendant's competent waiver of counsel at arraignment continues throughout the proceedings. *(Baker*, 92 Ill. 2d at 94-95, 440 N.E.2d at 860-61.) Defendant, however, did not waive counsel at his arraignments. Because he was represented by counsel at both arraignments, the State cannot rely on admonishments provided to defendant during this stage of the proceedings. We also note defendant's arraignments occurred in November and December 1990, and his sentencing hearing in July 1991. Seven months expired between the arraignments and defendant's sentencing. A defendant cannot be expected to rely only on the admonishments given to him several months earlier—at a point

when defendant was not requesting to waive counsel. The admonishments pursuant to Rule 401(a) must be provided when the court learns defendant chooses to waive counsel so that defendant can consider the ramifications of such a decision. Prior admonishments and defendant's decision to discharge counsel do not somehow cause defendant to forgo the right to be fully informed of the ramifications of acting on his own behalf.

■ Defendant concedes a proper waiver carries forward to all subsequent proceedings. He argues, however, this principle does not apply where the circumstances suggest the waiver was limited to a particular phase of the proceedings. (*Baker*, 92 Ill. 2d at 91-92, 440 N.E.2d at 859.) Defendant argues he meant only to represent himself at the June 18 and June 25 status hearings and to retain counsel before his sentencing hearing. The record supports defendant's contention.

At the June 18 hearing, defendant sought permission to obtain a transcript of his proceedings. He informed the judge he thought this would improve his chances of obtaining new counsel. At the June 25 hearing, defendant requested a continuance of his sentencing hearing, which was scheduled for July 5. He informed the judge he needed more time to obtain counsel. It is clear from defendant's actions at both hearings, at which he had appeared *pro se*, that he intended to obtain counsel for his sentencing hearing. In addition, defendant was not properly admonished at the June 18 proceeding, which was the first time he informed the court he was representing himself, at least until further notice. The judge informed him only of his right to counsel.

■ The judge was not informed of defendant's intent to represent himself at the sentencing hearing until defendant's July 1 letter. After July 1, the trial judge failed to admonish defendant pursuant to Rule 401(a). Unlike the facts in *Coleman* (129 Ill. 2d 321, 544 N.E.2d 330), the judge in this case did not substantially comply with Rule 401(a).

In *Coleman*, defendant argued the court violated Rule 401(a) because the trial judge misinformed him about the minimum sentence which could have been imposed on him. The judge told defendant 20 years could be imposed. The minimum which could have been imposed against defendant was natural life. (*Coleman*, 129 Ill. 2d at 331-32, 544 N.E.2d at 335.) The Illinois Supreme Court concluded the trial judge had substantially complied with Rule 401(a). When Coleman sought to proceed *pro se* at his sentencing hearing, the trial judge admonished the defendant of his right to counsel, informed him of the

nature of the charges against him, and explained that the death penalty was the maximum sentence prescribed by the law. These admonishments had also been provided to defendant at the guilt stage of his proceeding. *Coleman*, 129 Ill. 2d at 332-33, 544 N.E.2d at 335-36.

The reviewing court reasoned it was most important defendant be informed about the maximum sentence before he decided to waive counsel. (*Coleman*, 129 Ill. 2d at 333-34, 544 N.E.2d at 336.) The record revealed that from the arraignment through the sentencing hearing, defendant knew the minimum sentence which could be imposed against him was natural life. The record also indicated that because defendant provided specific reasons about why he wanted to waive counsel, defendant would have waived counsel even if he were properly admonished about the minimum sentence. *Coleman*, 129 Ill. 2d at 340, 544 N.E.2d at 339.

Similarly the Illinois Supreme Court found the trial judge substantially complied with Rule 401 in *Johnson*. In *Johnson*, the court found the trial judge substantially complied with Rule 401(a) at defendant's guilt phase. He had been properly informed the death penalty could be imposed against him, but defendant argued the court misled him by stating the minimum sentence he faced was "a 'number of years.'" (*Johnson*, 119 Ill. 2d at 137, 518 N.E.2d at 108.) The minimum penalty defendant faced was actually natural life. The record also revealed defendant knew a life sentence was the minimum penalty which could be imposed and that defendant was appointed standby counsel. *Johnson*, 119 Ill. 2d at 129-30, 132, 135-36, 518 N.E.2d at 104-05, 108.

Unlike the trial judge's admonishments in *Coleman* and *Johnson*, the trial judge in this case provided no admonishments before proceeding with defendant's sentencing hearing. At the sentencing hearing, the first opportunity to admonish defendant in open court since he stated he wanted to represent himself at the sentencing hearing, the judge did not provide any of the admonishments outlined in Rule 401(a). The judge did not substantially comply with Rule 401(a). His failure to substantially comply with the rule denied defendant his fundamental right to counsel at his sentencing hearing.

■ An additional consideration is whether defendant was prejudiced by the judge's failure to properly admonish him before proceeding with the sentencing hearing. (*Johnson*, 119 Ill. 2d at 133-34, 518 N.E.2d at 107.) The State argues the evidence presented at sentencing establishes that representation by counsel at the sentencing hearing would have made little, if any, difference in the outcome. We do not agree. Defendant presented no witnesses on his own behalf. He

made no comments about the presentence report. Although he did not receive an extended term, the judge imposed the maximum 15-year term. The minimum sentence which could have been imposed was five years. We do not suggest the sentence imposed was excessive, but representation by counsel at this proceeding may well have made a difference in the sentence imposed.

■ The State contends a careful review of the record reveals that defendant knew and understood the potential penalties he faced for the crime for which he was convicted. It also argues defendant's legal sophistication establishes he understood the ramifications of his waiver of counsel at sentencing. Although we need not address these arguments because the court failed to substantially comply with Rule 401(a), the record does not support the State's contentions.

A review of the record indicates only that defendant was admonished at his arraignment, which occurred while he was represented by counsel. It is likely defendant's attention was not directed to the potential penalties during this stage of his proceedings. In addition, although this court has recognized legal sophistication as an additional exception to a trial judge's strict compliance with Rule 401(a), in that case, defendant was trained as a paralegal and the court substantially complied with Rule 401(a). (*People v. Houston* (1988), 174 Ill. App. 3d 584, 589, 529 N.E.2d 292, 296.) Defendant's filing motions on his own behalf during trial and reading a letter to the court before sentence was imposed did not establish he was legally sophisticated. At the June 18 hearing, defendant demonstrated he was unfamiliar with the legal system. Not knowing he could request his transcripts directly from the clerk's office, he filed a motion requesting permission to do so. The record does not show defendant knew the potential penalties he faced immediately before he informed the court on July 1 that he wanted to proceed *pro se*. The record also does not show that on July 5 defendant knew he could once again request the appointment of counsel instead of representing himself. In addition, defendant did not appear legally sophisticated.

The court's failure to substantially comply with Rule 401(a) denied defendant his fundamental right to be represented by counsel at his sentencing hearing. Defendant did not knowingly and intelligently waive this right. The trial judge was patient and courteous to defendant. He provided defendant additional time to obtain new counsel. His efforts to accommodate defendant, however, did not include the admonitions the Illinois Supreme Court has determined are essential to waive counsel or be fully informed.

We affirm defendant's conviction. However, because the judge did not sufficiently admonish defendant pursuant to Rule 401(a), we remand the case and order defendant receive a new sentencing hearing with the assistance of counsel or after proper admonishment and waiver.

Affirmed in part and remanded in part.

GREEN, P.J., and McCULLOUGH, J., concur.