2021 IL App (2d) 191000-U
No. 2-19-1000
Order filed August 20, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Stephenson County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 17-CF-159 |
| MAURICE D. WILLIAMS, | ) ) | Honorable Michael P. Bald, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice Bridges and Justice Jorgensen concurred in the judgment.

**ORDER**

¶ 1   *Held*: Defendant's waiver of counsel was invalid because there was no substantial compliance with Rule 401(a). The trial court did not admonish defendant, at the time of the waiver, of the nature of the charges and the maximum and minimum penalties prescribed by law, and the record did not otherwise show substantial compliance. Defendant's convictions were reversed and the cause was remanded for a new trial.

¶ 2   Defendant, Maurice D. Williams, appeals his convictions of possession of cannabis with intent to deliver (720 ILCS 550/5(d) (West 2016)) and armed habitual criminal (720 ILCS 5/24-1.7 (West 2016)). He contends that he did not validly waive his right to counsel because the trial court did not substantially comply with Illinois Supreme Court Rule 401(a) (eff. July 1, 1984).

Specifically, the trial court did not inform him, at the time of the waiver, of the nature of the charges and the minimum and maximum sentences prescribed by law. We reverse and remand for a new trial.

¶ 3                                                  I. BACKGROUND

¶ 4     Defendant was charged by information with multiple counts of unlawful possession of weapons by a felon (720 ILCS 5/24-1.1(a) (West 2016)), possession of cannabis with intent to deliver, and armed habitual criminal. On June 15, 2017, defendant appeared with appointed counsel for a preliminary hearing. The charges were read, and defendant said that he understood them. The court also advised defendant of the sentencing ranges for each offense but did not ask defendant if he understood them. Later, at a bond hearing and a suppression hearing, there was discussion of the evidence against defendant and some of the sentencing ranges, but the court did not ask defendant if he understood the charges and sentencing ranges.

¶ 5     On March 20, 2018, appointed counsel told the trial court that defendant no longer wanted his representation. Defendant stated that he wanted to retain private counsel, and the court continued the matter for defendant to obtain counsel. On May 3, 2018, defendant stated that he was not going to retain private counsel. The court told defendant that he could remain with the public defender or decide to represent himself. Defendant asked to proceed *pro se*. The court discussed with defendant various disadvantages of proceeding *pro se* but did not inform him of the nature of the charges or the minimum and maximum sentences prescribed by law. The court approved defendant's waiver of counsel but told him, "That's not the kind of thing I encourage, especially in things where there's some serious matters, and you're facing as high as, potentially, a Class X sentence. So it's very serious."

¶ 6      Defendant filed several *pro se* motions, including a motion to reconsider the denial of appointed counsel's motion to suppress based on a defective search warrant.  He also made arguments in court that his criminal history did not support a charge of armed habitual criminal and that, if convicted on the charge, he should not be sentenced at 85%.  Later, defendant executed a jury waiver that listed all charges against him.

¶ 7      At the bench trial, police officers testified that they executed a search warrant at a house in Freeport and found defendant and another man in the same room.  Defendant was sitting on a couch.  Near him were scales and baggies.  A loaded firearm was found between the couch cushions.  The officers recovered from the house two other loaded firearms and over 100 grams of cannabis.  Defendant was taken into custody and admitted that he was the sole resident of the house and that the guns and cannabis were his.  The State introduced defendant's prior convictions of armed robbery and possession of cocaine.  A narcotics expert opined that defendant was engaged in the sale of cannabis, due to the quantity and packaging of the drugs and the presence of firearms and a digital scale.  Defendant focused his defense on the validity of the search warrant.

¶ 8      The court found defendant guilty of all but one weapons charge.  The remaining weapons charges merged into the armed habitual criminal charge.  The court sentenced defendant to 14 years served at 85% on the armed habitual criminal charge and to a concurrent sentence of 4 years for possession of cannabis with intent to deliver.  Defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10     Defendant contends that his waiver of counsel was invalid because the trial court failed to substantially comply with Rule 401(a).  We agree.

¶ 11     Under the sixth amendment of the federal constitution, a defendant facing incarceration has the right to counsel at all critical stages of the criminal process.  *Iowa v. Tovar*, 541 U.S. 77,

80-81 (2004). A defendant may represent himself "only if he voluntarily, knowingly, and intelligently waives his right to counsel." *People v. Black*, 2011 IL App (5th) 080089, ¶ 11 (citing *People v. Campbell*, 224 Ill. 2d 80, 84 (2006)). Before accepting a defendant's waiver, the trial court must "fully inform a defendant of both the nature of the right being abandoned and the consequences of the decision." *Id.* (citing *People v. Kidd*, 178 Ill. 2d 92, 104-05 (1997)). In addition, Illinois Supreme Court Rule 401(a) (eff. July 1, 1984) requires that, before permitting a waiver of counsel, the trial court must inform the defendant of, and determine that he understands, (1) the nature of the charge; (2) the minimum and maximum sentence prescribed by law, including any applicable extended-term or consecutive sentencing; and (3) that he has a right to counsel and, if he is indigent, to appointed counsel.

¶ 12    "[C]ompliance with Rule 401(a) is required for an effective waiver of counsel." *People v. Haynes*, 174 Ill. 2d 204, 236 (1996). "Strict, technical compliance with Rule 401(a), however, is not always required." *Id.* "Rather, substantial compliance will be sufficient to effectuate a valid waiver if [(1)] the record indicates that the waiver was made knowingly and voluntarily, and [(2)] the admonishment the defendant received did not prejudice his rights." *Id.*

¶ 13    Defendant acknowledges that he did not preserve this issue for review but asks us to consider it under the plain-error doctrine because the right to counsel is a fundamental right. We may review forfeited issues under the plain-error doctrine when:

> "(1) a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the

judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *People v. Thompson*, 238 Ill. 2d 598, 613 (2010).

¶ 14 "Deprivation of the sixth amendment right to counsel is a classic area of plain-error review." *People v. Vernón*, 396 Ill. App. 3d 145, 150 (2009). Because of the importance of the right to counsel, claims of improper waiver are reviewable under the second prong of the plain-error doctrine. *People v. Moore*, 2021 IL App (1st) 172811, ¶ 12. We determine *de novo* whether plain error occurred. *People v. Jones*, 2016 IL 119391, ¶ 10. We hold that the trial court erred in receiving defendant's waiver of counsel and that this was plain error.

¶ 15 Defendant is correct that the trial court failed to give the admonitions required by Rule 401(a). While the court did discuss with defendant various disadvantages of proceeding *pro se*, the court failed to inform defendant of the nature of the charges, or the minimum and maximum sentences prescribed by law. Thus, it cannot be argued that the admonitions themselves amounted to substantial compliance with Rule 401(a) because none were given.

¶ 16 Nevertheless, the State argues that the record as a whole shows substantial compliance with the rule and that defendant's waiver was knowing and voluntary. The State points to (1) other instances when the trial court spoke of the nature of the charges and the minimum and maximum penalties; (2) the court's mention of Class X sentencing when it accepted defendant's waiver of counsel; and (3) instances where defendant showed legal competence. The State's argument fails for several reasons.

¶ 17 First, it is well settled that "Rule 401(a) admonishments must be provided at the time the court learns that a defendant chooses to waive counsel, so that the defendant can consider the ramifications of such a decision." *People v. Jiles*, 364 Ill. App. 3d 320, 329 (2006). Hence, the admonishments (though accurate) that defendant received at his preliminary hearing nine months

before did not render his May 2018 waiver knowing and voluntary. See *id.* at 329-30 (admonishments given during arraignment more than three months before the defendant executed his waiver of counsel could not be applied to satisfy Rule 401(a)). Further, at the preliminary hearing and various other times where the potential penalties were discussed, the court did not ascertain that defendant understood them. Indeed, in many of the instances cited by the State, the court simply made passing references to the charges. As the court in *People v. Langley*, 226 Ill. App. 3d 742, 749-50 (1992), explained, "[a] defendant cannot be expected to rely only on the admonishments given to him several months earlier—at a point when defendant was not requesting to waive counsel." "Prior admonishments *** do not somehow cause defendant to forgo the right to be fully informed of the ramifications of acting on his own behalf." *Id.* at 750. Here, the court did not provide the Rule 401(a) admonishments when defendant asked to proceed *pro se*.

¶ 18    The State cites to cases in which substantial compliance was found despite errors in the admonitions concerning the potential sentences. See *e.g.*, *People v. Johnson*, 119 Ill. 2d 119 (1987). Those cases, however, are inapplicable here because the trial court gave no Rule 401(a) admonitions at all when defendant asked to waive counsel. See *Langley*, 226 Ill. App. 3d at 751. As the First District recently noted:

> "There must be limits to the notion of 'substantial compliance.' We step back and emphasize that defendant was never given any admonishments whatsoever. Yes, we can comb the record for isolated comments after defendant waived counsel, as the State does, and try to scrap together bits and pieces to construct a case that defendant knew all three items of information at some point before trial—the nature of the charges, the maximum and minimum term of years he faced, and his right to counsel—but then what is left of Rule 401? Nothing, essentially. (Emphasis omitted.) *Moore*, 2021 IL App (1st) 172811, ¶ 31.

¶ 19    The court in *Moore* further observed that "[m]ost, if not all defendants representing themselves will eventually figure out, one way or another, the three items listed in Rule 401(a)." *Id.* ¶ 33. "If some record evidence of that is enough, no matter how stray or random or fleeting, and even if it comes months or years later, then there is no point in pretending that Rule 401(a) matters." (Emphasis omitted.) *Id.* That is, there would be no need to require the trial court to personally address the defendant and ensure that he understood the requisite information; the appellate court could just "scour the record" to seize on hints that the defendant somehow managed to compile the information. *Id.* The court further stated:

> "Maybe we can find a hearing where the State uttered the words 'Class X'—boom, now
> we can assume a *pro se* defendant knew that he was facing a possible term of 6 to 30 years.
> Did he ever get handed the indictment? Of course, so there—he must appreciate the nature
> of the charges. Who needs a supreme court rule?" *Id.*

¶ 20    Here, the State asks us to do exactly what the *Moore* court rejected. It asks us to search the record to piece together evidence that defendant knew the information required by Rule 401(a) so that we can excuse the lack of compliance with the rule. We decline. That defendant was previously told the charges and potential sentences at arraignment, that the court alluded to Class X sentencing nine months later at the time of the attorney waiver, and that they were referred to various times during trial, does not amount to substantial compliance with Rule 401(a).

¶ 21    Next, the State argues that defendant's *pro se* motions and legal performance show that his waiver was made knowingly and voluntarily. While courts have excused less-than-perfect admonitions when the record as a whole—including a defendant's *pro se* efforts—showed a knowing and voluntary waiver, we agree with *Moore* that substantial compliance cannot be found "when *no admonishments whatsoever* were given." (Emphasis in original.) *Moore*, 2021 IL App

- 7 -

(1st) 172811, ¶ 32. Defendant would have needed a high level of legal savvy to compensate for the complete absence of admonitions when he waived counsel. Despite his considerable *pro se* efforts, defendant lacked that degree of sophistication.

¶ 22    The State further argues that defendant's legal competence at least demonstrates that he suffered no prejudice from the failure to comply with Rule 401(a). We disagree. To establish substantial compliance with Rule 401(a), the record must show *both* that defendant knowingly and voluntarily waived his right to counsel despite the imperfect admonishments *and* that those imperfections did not prejudice his rights. *Haynes*, 174 Ill. 2d at 236. The prejudice component assumes that the defendant knowingly and voluntarily waived the right to counsel and turns the inquiry to whether, nonetheless, the suboptimal admonishments adversely affected defendant. The court in *People v. Bahrs*, 2013 IL App (4th) 110903, ¶ 56, stated that, "[i]f the defendant has suffered no prejudice, it is only because the record shows the defendant's waiver of counsel was knowing and voluntary, that is, the goal of Rule 401(a) has been achieved." The court rejected the State's suggestion that the court need not consider the issue of a knowing and voluntary waiver "until defendant first proved, or at least plausibly claimed, that, but for the omission of the admonition, he would have chosen differently, that he would have retained defense counsel instead of choosing to represent himself." *Id.* ¶ 57. According to the court, "effectively, the choice of self-representation [is] not even made unless the record affirmatively shows the choice was knowing or adequately informed." *Id.* Here, since there was no knowing and voluntary waiver, we do not reach the issue of prejudice. *Id.*

¶ 23    As previously noted, this is not a case of minor inaccuracies or omissions in Rule 401(a) admonitions. Rather, the trial court omitted altogether the admonishments as to the nature of the charges and potential penalties. Accordingly, defendant was not required to show prejudice to

obtain plain-error review. Under the second prong of plain-error review, prejudice is presumed because of the importance of the right involved, regardless of the strength of the evidence. *People v. Herron*, 215 Ill. 2d 167, 187 (2005).

¶ 24 Because defendant's waiver of counsel was invalid, his convictions must be reversed and the cause remanded for a new trial. Normally, we would first be required to determine that defendant was proved guilty beyond a reasonable doubt so that retrial would not constitute double jeopardy. *Moore*, 2021 Il App (1st) 172811, ¶ 37. However, defendant does not argue that the evidence was insufficient, and he specifically asks for a retrial. "It is firmly established that the constitutional right to not be twice put in jeopardy for the same offense is a personal privilege which may be forfeited." *People v. Bannister*, 378 Ill. App. 3d 19, 29 (2007). The right is forfeited when the defendant seeks and obtains a new trial. *Id.* See *People v. Meuris*, 2016 IL App (2d) 140194, ¶ 19 (accepting the defendant's "concession" of lack of a double jeopardy impediment to a new trial when the defendant sought a remand for a new trial).

¶ 25 Thus, in asking for a new trial, defendant has forfeited any double jeopardy argument. In any event, we note that the evidence was sufficient to prove defendant guilty beyond a reasonable doubt. Accordingly, we reverse and remand for a new trial.

¶ 26                                   III. CONCLUSION

¶ 27 For the reasons stated, the judgment of the circuit court of Stephenson County is reversed and the cause is remanded for a new trial.

¶ 28 Reversed and remanded.