NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220850-U

NO. 4-22-0850

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
August 1, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| ANDRE L. MORGAN, | ) | No. 20DT15 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Sean W. Donahue, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE DeARMOND delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court reversed and remanded for a new trial where defendant's
waiver of counsel was invalid due to a lack of compliance with Illinois Supreme
Court Rule 401(a) (eff. July 1, 1984).

¶ 2     In July 2022, a jury found defendant, Andre L. Morgan, guilty of two counts of

driving under the influence of alcohol (DUI) (625 ILCS 5/11-501(a)(1), (a)(2) (West 2018)), and

three traffic offenses. The citations for the traffic offenses do not appear in the record, but other

documents show they were for improper lane usage, disregarding a traffic control light, and

operating an uninsured motor vehicle.

¶ 3     Defendant appeals, arguing the trial court erred by allowing him to waive his

fundamental right to counsel without providing the admonishments required by Illinois Supreme

Court Rule 401(a) (eff. July 1, 1984). We reverse and remand for a new trial.

¶ 4                                    I. BACKGROUND

¶ 5 Defendant was arrested on December 22, 2019, after he was observed driving in the center of the roadway and crossing the center line. A subsequent breath test revealed defendant had a blood-alcohol content of 0.208. On January 7, 2022, defendant appeared *pro se* in the trial court. The court noted the State had indicated it was not waiving the possibility of a jail sentence and asked defendant, "Do you think you're going to hire private counsel or are you asking for the appointment of the public defender?" Defendant replied, "At this point, I'll probably hire one." During the process, defendant asked, "What am I—is this the arraignment today? What is today?" The court told defendant, "[B]asically it's an arraignment with an opportunity for you to tell me I want time to go speak with an attorney or I'm asking for you to appoint the public defender."

¶ 6 The trial court told defendant he was charged with "DUI and DUI BAC over .08," and "[t]hose are Class A misdemeanors punishable by up to a year in jail on the high end. Court supervision on the low end." During the hearing, the court noted the proceedings would include the companion traffic citations, but it did not have those at that time, even though they "should have all been together." After defendant described the citations, the court stated "it sounds like" two of them were petty offenses punishable by a fine. Defendant showed the court his original citations, and a clerk took them to make copies, but there was no further discussion of the charges or the potential punishment associated with them. The court continued the matter for defendant to hire private counsel.

¶ 7 On February 28, 2020, defendant appeared, and the following colloquy occurred:

"THE COURT: [L]ast time you were here, you had indicated you were going to hire counsel?

[DEFENDANT]: No, I didn't need counsel, is what I said. I spoke with—I

- 2 -

have a lawyer friend, so I'm not bringing in any counsel. I know how I want to handle the situation.

I didn't know what the State was offering or anything like that.

THE COURT: So you want to talk to the State as a self-represented litigant?

[DEFENDANT]: Pretty much, yeah.

THE COURT: Okay. Grab a seat in the front row. [The assistant state's attorney] will talk to you shortly, okay?"

After defendant spoke with the assistant state's attorney, the court continued the matter until April 3, 2020. The court provided no admonishments under rule 401(a).

¶ 8    The record does not contain transcripts of court proceedings between February 29, 2020, and January 22, 2021. However, the record shows a notice was mailed to defendant on March 20, 2020, setting the next hearing for June 26, 2020, and, on May 28, 2020, the matter was continued to July 27, 2020, by agreement of the parties. On July 23, 2020, a private attorney entered an appearance. On October 23, 2020, defendant pleaded guilty to a single count of DUI under a negotiated plea agreement. As part of that process, defendant signed a guilty plea form stating he was informed of the nature of the charge against him and the minimum and maximum penalty to which he may be subjected. The form also stated defendant understood he had the right to a lawyer, or the trial court would appoint a lawyer to represent him if he was indigent. The court entered an order with a box checked stating defendant was informed of the minimum and maximum possible penalties, and the consequences thereof, for each charge "in the information," although the record shows defendant was charged by a "citation and complaint." The court imposed fines and fees and sentenced defendant to 18 months of conditional discharge.

¶ 9        On November 10, 2020, defendant sought to withdraw his plea, alleging ineffective assistance of counsel. On January 22, 2021, a hearing was held, and the trial court noted defendant was appearing *pro se*. The court found it failed to sufficiently admonish defendant of his appeal rights at the time of the plea, and it granted defendant's motion to withdraw the plea. The court asked defendant if he was going to hire counsel, and defendant requested a public defender. Defendant stated he understood his case, but also needed some legal guidance. The court appointed public defender Nick Rochford to represent defendant, who was later replaced by Syed Ahmad.

¶ 10        On May 13, 2022, defendant appeared, and the trial court noted his attorney was not present due to illness. The following colloquy then occurred:

"[DEFENDANT]: And this was a motion to review this morning, right?

THE COURT: Just a review—

[DEFENDANT]: Okay.

THE COURT: —of where we're heading.

[DEFENDANT]: That was one of my issues was with my attorney, and that was one of the things that I was going to do this morning was maybe assume my own defense from him. Mr. Ahmad will not be representing me. He has basically proven to me beyond any reasonable doubt that he does not have my best interest at heart, and I have proof and evidence of that.

THE COURT: Okay. So you're—

[DEFENDANT]: Yeah.

THE COURT: —moving to fire the public defender's office and represent yourself?

- 4 -

[DEFENDANT]: Exactly, at this point.

THE COURT: So what do you want to do? Well, then can we just set it on the trial call?

[DEFENDANT]: I would like to—first of all, I want to put those— those—he removed motions the last time that I was here. And we sat out there and he, as we were going through our little discussion and everything, I noticed that he removed two motions that should not have been removed that I really want you to rule on and basically see the tape and everything else, whichever one they choose to provide. ***.

THE COURT: All right. We'll set it for a hearing. [Defendant] wishes— as a self-represented litigant—wishes to renew his motion to suppress, so I want to set that for a hearing."

After additional discussion about requests for discovery, the court told defendant, "[I]f you have any motions you plan on filing, you need to get those filed. The other motions were withdrawn, so you'll have to figure out how to file your motions and get those in by [the next hearing date]." The court again provided no admonishments under Rule 401(a).

¶ 11        On July 7, 2022, the trial court held a hearing on defendant's motion to suppress, which the court denied. On July 18, 2022, a jury trial was held, during which defendant proceeded on a theory of entrapment as to the traffic citations. Defendant sought to show the arresting officer drove at a high rate of speed without emergency lights activated, causing defendant to also drive unpredictably. Evidence at trial included testimony an officer saw defendant's vehicle cross over the center line and enter an intersection against a red light. Officers detected the odor of alcohol on defendant's breath, and defendant showed various signs

of intoxication. Defendant was unable to provide proof of insurance. At the police station defendant took a breath test that registered a 0.208 blood-alcohol content. The jury found defendant guilty on all charges. The court sentenced defendant to 14 days in jail and 24 months of conditional discharge. Throughout the proceedings, defendant never raised issues concerning a lack of admonishments under Rule 401(a).

¶ 12        This appealed followed.

¶ 13                                    II. ANALYSIS

¶ 14        On appeal, defendant argues the trial court erred by allowing him to waive his fundamental right to counsel without providing the admonishments required by Rule 401(a).

¶ 15        In Illinois, a knowing and intelligent waiver of counsel occurs following substantial compliance with Rule 401(a). *People v. Campbell*, 224 Ill. 2d 80, 87, 862 N.E.2d 933, 935 (2006). Rule 401(a) provides:

> "Any waiver of counsel shall be in open court. The court shall not permit a waiver of counsel by a person accused of an offense punishable by imprisonment without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:
>
>> (1) the nature of the charge;
>>
>> (2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences; and
>>
>> (3) that he has a right to counsel and, if he is indigent, to have counsel appointed for him by the court." Ill. S. Ct. R. 401(a) (eff. July 1, 1984).

Under Rule 401(b), "[t]he proceedings required by this rule to be in open court shall be taken

- 6 -

verbatim, and upon order of the trial court transcribed, filed and made a part of the common law record." Ill. S. Ct. R. 401(b) (eff. July 1, 1984).

¶ 16        A person accused of a crime has a constitutional right to counsel at every critical stage of proceedings. *United States v. Wade*, 388 U.S. 218, 224 (1967). While a defendant also has the right to self-representation, he must act knowingly and intelligently when forgoing counsel. *Faretta v. California*, 422 U.S. 806, 835 (1975). Given the importance of the right to counsel, it "should not be lightly deemed waived." (Internal quotation marks omitted.) *People v. Langley*, 226 Ill. App. 3d 742, 749, 589 N.E.2d 824, 829 (1992).

¶ 17        "The purpose of the rule is to ensure that a waiver of counsel is knowingly and intelligently made." (Internal quotation marks omitted.) *People v. Reese*, 2017 IL 120011, ¶ 62, 102 N.E.3d 126. The trial court must give Rule 401(a) admonishments at the time the defendant waives his right to counsel. *People v. Jiles*, 364 Ill. App. 3d 320, 329, 845 N.E.2d 944, 952 (2006). Under the "continuing waiver rule," although defendants enjoy the right to counsel during all critical stages of a criminal proceeding, including posttrial and sentencing proceedings, a defendant can waive the right to counsel, and that waiver stays in place throughout the remaining stages. *People v. Baker*, 92 Ill. 2d 85, 91-92, 440 N.E.2d 856, 859 (1982). However, there are two exceptions to the continuing waiver rule, necessitating another Rule 401(a) admonishment. They are "[when] (1) the defendant later requests counsel or (2) other circumstances suggest that the waiver is limited to a particular stage of the proceedings." *People v. Palmer*, 382 Ill. App. 3d 1151, 1162, 889 N.E.2d 244, 253 (2008).

¶ 18        "[S]trict, technical compliance with Rule 401(a) is not always required; rather, substantial compliance will be sufficient to effectuate a valid waiver if the record indicates that the waiver was otherwise made knowingly, intelligently, and voluntarily, and the admonishments

the defendant received did not prejudice his rights." *Jiles*, 364 Ill. App. 3d at 329. Whether a trial court failed to substantially comply with Rule 401(a) admonishments is a question of law we review *de novo*. *People v. Pike*, 2016 IL App (1st) 122626, ¶ 114, 53 N.E.3d 147.

¶ 19          Initially, we note defendant failed to object to the lack of Rule 401(a) admonishments at trial or in a posttrial motion. Thus, the issue was forfeited and cannot be considered on appeal unless it was plain error. See Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). "The plain-error doctrine bypasses forfeiture principles and allows a reviewing court to consider unpreserved error when: (1) the evidence is close, regardless of the seriousness of the error; or (2) the error is serious, regardless of the closeness of the evidence." *People v. Seal*, 2015 IL App (4th) 130775, ¶ 26, 38 N.E.3d 642 (citing *People v. Herron*, 215 Ill. 2d 167, 186-87, 830 N.E.2d 467, 479 (2005)). "This court has consistently held the right to counsel is so fundamental that we will review as plain error a claim there was no effective waiver of counsel although the issue was not raised in the trial court." *Seal*, 2015 IL App (4th) 130775, ¶ 26; see *People v. Stoops*, 313 Ill. App. 3d 269, 273, 728 N.E.2d 1241, 1244 (2000). We therefore address defendant's claim on appeal.

¶ 20          Here, the trial court did not admonish defendant under Rule 401(a). The court gave no admonishments at the time of defendant's waiver of counsel. Without any compliance with Rule 401(a), there cannot be substantial compliance. See *Seal*, 2015 IL App 4th 130775, ¶ 30 (noting a lack of compliance under the facts of the case, substantial or otherwise). Nevertheless, the State argues the court substantially complied with the rule, asserting the court told defendant of the nature of the charges and his right to counsel at the arraignment and noting defendant stated at his next appearance that he did not need counsel.

- 8 -

¶ 21 However, defendant did not waive counsel at the arraignment. Instead, he specifically asked for time to seek counsel. Accordingly, Rule 401(a) was not triggered at that time. Moreover, the admonishments given at the arraignment were incomplete for purposes of Rule 401(a). The trial court did not have the traffic citations before it, so it did not discern whether those offenses were subject to Rule 401(a), and it did not inform defendant of the nature of those charges or the minimum and maximum sentence prescribed by law for those offenses. Instead, when defendant described the citations, the court stated it "sounds like" two of them were petty offenses subject to a fine. Then, the court did not inform defendant he had a right to counsel and, if he was indigent, to have counsel appointed for him. Instead, the court merely asked defendant if he planned to seek counsel or ask for a public defender to be appointed. Further, the court never determined whether defendant understood any of the admonishments.

¶ 22 At the next hearing, when defendant specifically waived counsel, the trial court gave no admonishments whatsoever. That lack of admonishments was a clear violation of Rule 401(a). "The admonishments pursuant to Rule 401(a) must be provided when the court learns defendant chooses to waive counsel so that defendant can consider the ramifications of such a decision." *Langley*, 226 Ill. App. 3d at 750. "Prior admonishments and the defendant's decision to discharge counsel do not somehow cause [a] defendant to forgo the right to be fully informed of the ramifications of acting on his own behalf." *Langley*, 226 Ill. App. 3d at 750.

¶ 23 Moreover, defendant was later appointed counsel and again sought to proceed *pro se*, triggering the requirement for new admonishments. See *People v. Martin*, 2021 IL App (4th) 180267, ¶ 36, 183 N.E. 3d 1053. But the trial court gave none.

¶ 24 We also will not interpret defendant's signed plea agreement as providing sufficient admonishments, as that document does not show they were made by the trial court to

defendant personally in open court, nor did it provide the complete information required by Rule 401(a). Further, that agreement was not contemporaneous with defendant's second waiver of counsel.

¶ 25    Under these circumstances, where the trial court never specifically gave Rule 401(a) admonishments, and it gave no admonishments contemporaneously with either of defendant's counsel waivers, we cannot find substantial compliance with Rule 401(a). Indeed, we have previously rejected the State's piecemeal approach to finding substantial compliance with Rule 401(a). See *Langley*, 226 Ill. App. 3d at 749-50 (noting seven months expired between admonishments given at the defendant's arraignment and his decision to waive counsel). As this court has previously noted:

> " 'There must be limits to the notion of 'substantial compliance.' We step back and emphasize that defendant was never given any admonishments whatsoever. Yes, we can comb the record for isolated comments after defendant waived counsel, as the State does, and try to scrap together bits and pieces to construct a case that defendant knew all three items of information at some point before trial—the nature of the charges, the maximum and minimum term of years he faced, and his right to counsel—but then what is left of Rule 401? Nothing, essentially.' " (Emphasis omitted.) *People v. Johnson*, 2023 IL App (4th) 210662, ¶ 78 (quoting *People v. Moore*, 2021 IL App (1st) 172811, ¶ 31, 204 N.E.3d 802).

¶ 26    We further find inapt the State's reliance on *People v. Herndon*, 2015 IL App (1st) 123375, 37 N.E.3d 398, and *People v. Maxey*, 2018 IL App (1st) 130698-B, 116 N.E.3d 249. In those cases, the trial courts admonished the defendants under Rule 401(a), albeit incorrectly or incompletely. See *Maxey*, 2018 IL App (1st) 130698-B, ¶ 48; *Herndon*, 2015 IL

- 10 -

App (1st) 123375, ¶ 5. That is in stark contrast to the situation we are confronted with here, where there was no compliance, substantial or otherwise. See *People v. Smith*, 2020 IL App (3d) 160454, ¶¶ 54-55, 156 N.E.3d 20 (distinguishing *Maxey*). Here, we conclude the trial court failed to comply with Rule 401(a) in any fashion, rendering defendant's convictions invalid.

¶ 27    Because defendant's waiver of counsel was invalid, his convictions must be reversed and the cause remanded for a new trial. Normally, we would first be required to determine defendant was proved guilty beyond a reasonable doubt so that retrial would not constitute double jeopardy. *Moore*, 2021 IL App (1st) 172811, ¶ 37. However, defendant does not argue the evidence was insufficient, and he specifically asks for a retrial. "It is firmly established that the constitutional right to not be twice put in jeopardy for the same offense is a personal privilege which may be forfeited." *People v. Bannister*, 378 Ill. App. 3d 19, 29, 880 N.E.2d 607, 617 (2007). The right is forfeited when the defendant seeks and obtains a new trial. *Bannister*, 378 Ill. App. 3d at 29; see *People v. Meuris*, 2016 IL App (2d) 140194, ¶ 19, 51 N.E.3d 1102 (accepting the defendant's "concession" of the lack of a double jeopardy impediment to a new trial where the defendant sought a remand for a new trial). Thus, in asking for a new trial, defendant has forfeited any double jeopardy argument. We note the evidence was sufficient to prove defendant guilty beyond a reasonable doubt. Accordingly, we reverse and remand for a new trial.

¶ 28                                    III. CONCLUSION

¶ 29    For the reasons stated, the judgment of the trial court is reversed, and the cause is remanded for a new trial.

¶ 30    Reversed and remanded.